UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERNEST T. BOYKIN, III,<br><br>Defendant. | Criminal No. 14-201-01<br>RMC/DAR |

MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION

I. **INTRODUCTION**

Defendant is charged by indictment with conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846, and with using, carrying and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). The undersigned conducted a detention hearing on October 7, 2014. Upon consideration of the proffers and arguments of counsel, and the entire record herein, the undersigned ordered Defendant held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

II. **THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq*., provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e); *see*

United States v. Ernest T. Boykin, III                                                                                                     2

*also United States v. Henry*, 935 F. Supp. 24, 25 (D.D.C. 1996) (citation omitted) ("If a defendant poses a danger to society, the Court has a sufficient basis upon which to order pretrial detention.").

In instances in which pretrial detention is sought on the ground that there are no conditions of release that will reasonably assure the defendant's appearance, the government must show by a preponderance of the evidence that the defendant poses a risk of flight if released before trial. *See United States v. Anderson*, 382 F. Supp. 2d 13, 14 (D.D.C. 2005) (citations omitted) ("[T]he [Bail Reform Act] provides for pretrial detention if the government establishes by a preponderance of the evidence that the defendant is likely to flee before trial if released and that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.").

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required, and the safety of any other person and the community, the judicial officer shall take into account the available information concerning: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community arises if the judicial officer finds that there is probable cause to believe that the defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, for which a maximum

United States v. Ernest T. Boykin, III 3

period of incarceration of ten years or more is prescribed. 18 U.S.C. § 3142(e)(3)(A). An indictment is sufficient to establish probable cause for purposes of 18 U.S.C. § 3142(e). *See United States v. Williams*, 903 F.2d 844 (D.C. Cir. 1990).

### III. DISCUSSION

Both counsel for the government and counsel for Defendant proceeded by proffer. Counsel for the government proffered that during the period from early 2014 until June 2014, the Defendant, with the assistance of a cooperating witness, was involved in obtaining quantities of heroin and redistributing it through co-defendants Verlinda White and Raynard Oliver, Defendant's wholesale purchasers. Counsel for the government further proffered that the Defendant provided heroin to the cooperating witness during seven controlled purchases which were recorded on audio. The total quantity of heroin involved in these controlled purchased was over 100 grams.

On July 17, 2014, Defendant reported a fire at his residence to the local emergency responders. During the course of extinguishing the fire, law enforcement recovered a loaded 9mm Taurus firearm with an obliterated serial number inside Defendant's night stand. The Defendant requested that the responders retrieve a paper shredder from his residence and inside the shredder was 2.5 kilograms of heroin and $117,550.00.

In further support of the government's request for pretrial detention, counsel for the government proffered that at the time of the instant offense, Defendant was on supervised release for a 2013 drug conviction, and that he has two other prior convictions for offenses involving controlled substances.

In opposition to the government's request for pretrial detention, counsel for Defendant

United States v. Ernest T. Boykin, III                                                                                                    4

proffered that Defendant is a full-time student at Howard University; that he is a responsible parent; and that he can be monitored through the High Intensity Supervision Program. Defendant's father verified the address reported by Defendant to the Pretrial Services Agency, and confirmed that the Defendant could live with him if he were released into the High Intensity Supervision Program.

### IV.  **FINDINGS OF FACT**

Upon consideration of the factors enumerated in section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community.

First, the nature and circumstances of the offense charged weigh in favor of pretrial detention.  Defendant is charged with an offense for which a maximum period of incarceration of ten years or more is prescribed.  *See* 18 U.S.C. § 3142(e)(3)(A).  Although Defendant did not bring firearms to the location at which he agreed to provide heroin for redistribution, Defendant's possession of a loaded 9mm firearm with an obliterated serial number along with 2.5 kilograms of heroin at his residence is dangerous nonetheless.

Second, the undersigned finds that the weight of the evidence against Defendant is compelling.

Third, Defendant's history and characteristics weigh in favor of pretrial detention. According to information provided by the Pretrial Services Agency, Defendant was on supervised release for another drug offense at the time of the alleged offense, and three prior convictions for offenses involving controlled substances.

Finally, the undersigned finds that the toll which trafficking heroin has taken and

United States v. Ernest T. Boykin, III                                                                                         5

continues to take upon this community is well-documented and need not be repeated here. The evidence of Defendant's participation in a conspiracy to distribute heroin; his seemingly ready access to the means with which to do so; and his possession of a loaded 9mm firearm, all demonstrate that his release would pose a danger to the community, and that he is not amenable to community supervision at this time. The undersigned further finds the proffer of evidence on behalf of Defendant insufficient to rebut the applicable presumption of dangerousness. *See United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985).

## V.  CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the October 7, 2014 Order of Detention.

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

October 21, 2014
DATE

October 7, 2014
NUNC PRO TUNC